United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEONARD A. HASKIN,<br>Plaintiff,<br>v.<br>ROBERT AYERS, JR., et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. C 08-2226 CW (PR)<br>ORDER OF SERVICE |

INTRODUCTION

This case was commenced when Plaintiff, a prisoner at San Quentin State Prison (SQSP), filed a document captioned "Petition For A Writ of Habeas Corpus." Plaintiff alleged that he has been subjected to "neglectful medical conditions . . . with deliberate indifference to [his] U.S. Constitution Eighth Amendment rights to be free from cruel and unusual punishment." (Pet. at 8.)

In an Order dated July 8, 2008, the Court conducted a preliminary review of the petition. The Court determined that the petition did not attempt to challenge either the fact of Plaintiff's conviction or the length of his sentence. Rather, it was based entirely on the conditions of his confinement. Because the Court found that a federal habeas petition was not the proper way to raise such claims, Plaintiff was directed to file a civil rights complaint stating his claims for relief with specificity if he wished to go forward with this action as a civil rights action. The Court granted Plaintiff leave to file a civil rights complaint within thirty days and informed him that if he failed to do so this

action would be dismissed without prejudice.

On July 28, 2008, Plaintiff filed a civil rights complaint alleging that Defendants were deliberately indifferent to his serious medical needs and violated his Fourteenth Amendment rights to equal protection. He has also filed a motion for leave to proceed in forma pauperis.

Plaintiff names the following Defendants: SQSP Warden Robert L. Ayers; SQSP Chief Physician Williams; SQSP Physicians Martin, Wilson, Bui and Udenhi; SQSP Neurologists Capozoli and Mendius; SQSP Urologist Gershbein; SQSP Sergeant Ngyen; and SQSP Correctional Officer Perry. Plaintiff seeks monetary damages.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. Legal Claims

A. Eighth Amendment Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations that he suffers from Spinal Arthritic Disc Degeneration and urological problems, support an inference that he suffers from serious medical needs. Liberally construed, Plaintiff's allegations that SQSP medical staff failed to provide adequate medical treatment for his illness from 2003 through 2008

state a cognizable deliberate indifference claim against Defendants Ayers, Williams, Martin, Wilson, Bui, Udenhi, Capozoli, Mendius, Gershbein, Ngyen, and Perry. Accordingly, this claim may proceed against these Defendants.

B. Fourteenth Amendment Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).

To state a claim for relief under the Equal Protection Clause, a plaintiff must allege that the defendant acted at least in part because of the plaintiff's membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Proof of a discriminatory intent or purpose is also required. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003). In the prison context, an allegedly discriminatory prison regulation or practice is valid as long as it is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, Plaintiff makes the conclusory allegation that SQSP medical staff "are apparent in their omissions to act and provide [him] with adequate medical care and treatment," in violation of his "Fourteenth Amendment Right assuring Equal Protection . . . ." The Court finds that Plaintiff does not state a cognizable equal protection claim against Defendants. Accordingly, Plaintiff's



United States District Court
For the Northern District of California

equal protection claim is DISMISSED WITH LEAVE TO AMEND. Plaintiff may reassert his equal protection claim by filing an amended claim if he can allege in good faith, and by citing actual examples which are subject to proof, that Defendants were deliberately indifferent to his serious medical needs but not to the medical needs of other similarly situated prisoners of other races.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's application for in forma pauperis status (docket no. 9) is GRANTED.

2. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Ayers, Williams, Martin, Wilson, Bui, Udenhi, Capozoli, Mendius, Gershbein, Ngyen, and Perry.

3. Plaintiff's Fourteenth Amendment equal protection claim is DISMISSED WITH LEAVE TO AMEND.

4. Within thirty (30) days of the date of this Order Plaintiff may file an amendment to the complaint with his amended equal protection claim as set forth above in Section II(B) of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of his equal protection claim.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 7) and a copy of this Order to SQSP Warden Robert L. Ayers; SQSP Chief Physician Williams; SQSP Physicians Martin, Wilson, Bui and Udenhi; SQSP Neurologists



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Capozoli and Mendius; SQSP Urologist Gershbein; SQSP Sergeant Ngyen; and SQSP Correctional Officer Perry. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with

United States District Court
For the Northern District of California

the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

United States District Court
For the Northern District of California

> summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been

designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than fifteen (15) days prior to the deadline sought to be extended.

IT IS SO ORDERED.



DATED: 12/31/09

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LEONARD A HASKINS,

Plaintiff,

v.

ROBERT AYERS JR et al,

Defendant.

_______________________________________/

Case Number: CV08-02226 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 31, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leonard A. Haskins B96040
San Quentin State Prison
San Quentin, CA 94964

Dated: December 31, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.08\Haskins2226.service.frm

United States District Court
For the Northern District of California