United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEONARD A. HASKINS,

       Plaintiff,

  v.

ROBERT AYERS, JR., et al.,

       Defendants.
_____/

No. C 08-02226 CW (PR)

ORDER DIRECTING PLAINTIFF TO
PROVIDE CURRENT ADDRESS
NECESSARY TO LOCATE DEFENDANT
CAPOZOLI, M.D.

Plaintiff, a state prisoner, filed the present <u>pro se</u> prisoner complaint under 42 U.S.C. § 1983.  The Court issued an Order of Service.

Service has been ineffective on Defendant Capozoli, M.D.  The Court has been informed that Eric Messick, the litigation coordinator at San Quentin State Prison (SQSP), has been unable to locate Defendant Capozoli because he is "no longer employed by [SQSP] at this time."  (Jan. 12, 2010 Letter from Eric Messick at 1.)  Mr. Messick further states that there was no information available on the "Medical Board of California License Lookup System" relating to Defendant Capozoli's last known address.

Because Plaintiff is proceeding <u>in forma pauperis</u> (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994); <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service.  When advised of a problem accomplishing service, a <u>pro se</u> litigant proceeding

IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); see also Del Raine v. Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to effect timely service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Service on Defendant Capozoli has been attempted and has failed.

IT IS HEREBY ORDERED THAT within fourteen (14) days of the date of this Order, Plaintiff must provide the Court with a current address, necessary to locate Defendant Capozoli.  Failure to do so shall result in the dismissal of all claims against Defendant Capozoli.  If Plaintiff provides the Court with a current address, service shall again be attempted.  If service fails a second time, all claims against Defendant Capozoli shall be dismissed.

IT IS SO ORDERED.

Dated: 3/1/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LEONARD A HASKINS,

        Plaintiff,

  v.

ROBERT AYERS JR et al,

        Defendant.

_____/

Case Number: CV08-02226 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leonard A. Haskins
800 Main St., Apt. #207
Redwood City,  CA 94063

Dated: March 1, 2011

                           Richard W. Wieking, Clerk
                           By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California